IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-03-CR-0078-N(14) |
| | § | NO. 3-06-CV-2063-N |
| JOSEPH H. FIELDS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Joseph H. Fields, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant was charged in three counts of a six count indictment with: (1) conspiracy to possess with intent to distribute more than 50 grams of cocaine base, (2) possession with intent to distribute cocaine, and (3) distribution of cocaine. He pled guilty to the substantive counts and was convicted by a jury on the conspiracy count. Punishment was assessed at 292 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Fields*, 138 Fed.Appx. 622, 2005 WL 1412914 (5th Cir.), *cert. denied*, 126 S.Ct. 669 (2005). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel at sentencing because his attorney failed to make an *Apprendi* or *Blakely* objection and did not preserve a possible *Booker* claim for appeal.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064. He also must establish prejudice--that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 699, 148 L.Ed.2d 604 (2001). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). A defendant must affirmatively show how the actions of his attorney deprived him of a fair trial. *Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

B.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362-63. Four years later, in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004), a majority of the Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth

Amendment to the United States Constitution. *See Blakely*, 124 S.Ct. at 2538. The Court subsequently extended its holdings in *Apprendi* and *Blakely* to invalidate the mandatory nature of the federal sentencing guidelines. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Relying on these authorities, defendant faults his attorney for failing to object to his sentence on the grounds that the amount of drugs attributed to him was never determined by a jury or proved beyond a reasonable doubt. The court initially observes that neither *Blakely* nor *Booker* had been decided when defendant was sentenced in March 2004. The Fifth Circuit has repeatedly held that there is no general duty on the part of defense counsel to anticipate changes in the law, and the failure to do so does not give rise to a Sixth Amendment claim. *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997). *See also Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) ("Clairvoyance is not a required attribute of effective representation."). With respect to any alleged *Apprendi* error, the law in effect at the time defendant was sentenced limited the holding in that case to "facts which increase the penalty beyond the statutory maximum[.]" *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1152 (2001); *see also United States v. Meshak*, 225 F.3d 556, 576-77 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 834 (2001). Here, the indictment charged defendant with a drug offense involving, *inter alia*, "fifty (50) grams or more of 'crack cocaine,' a mixture and substance containing cocaine base, a schedule II controlled substance[.]" (Indict. at 4, Ct. 1). The jury found beyond a reasonable doubt that defendant conspired to possess with intent to distribute 50 grams or more of "crack" cocaine. The statutory maximum penalty for such an offense is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Defendant was sentenced to 292 months. Consequently, there was no basis for an *Apprendi* objection. *See Untied States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1163 (2001) (*Apprendi* applies only to cases where

sentence exceeds statutory maximum); *Doggett*, 230 F.3d at 165 (same).  This ground for relief is without merit and should be overruled.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   January 29, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE